UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRANDON GENTRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )          2:21CV77-PPS/APR |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Brandon Gentry, a *pro se* plaintiff, has filed a complaint and a motion to proceed

*in forma pauperis*. [DE 1, 2.]  Because Gentry wants to file the case without paying the

customary filing fee, I must review the complaint and dismiss the case if the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary damages against a defendant who is immune from such relief.  28 U.S.C.

§1915(e)(2)(B).  A document filed *pro se* is to be liberally construed, and "a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quotation marks and citations omitted).  Nonetheless, Gentry's complaint must be

dismissed because it is in large part unintelligible and because, to the extent I can

discern the subject matter, the complaint is barred by res judicata.

Gentry alleges that the Hammond Police Department and Lake County Sheriff's

Department were involved in the rape of two of his minor relatives.  [DE 1 at 4.] But

instead of suing those entities or any individual officers, he has instead sued the State of

Indiana. This is his fifth lawsuit in this court relating to the same accusation: *Brandon*

*Gentry v. Hammond Police Department and Lake County Sheriff*, 2:19CV400-JTM/JEM;

*Brandon Joseph Gentry v. Hammond Police Department and Lake County Sheriff*, 2:19CV482-

PPS/JEM; *Brandon Joseph Gentry v. Lake County Sheriff and Hammond Police Department*,

2:19CV500-TLS/JPK; and *Brandon J. Gentry v. State of Indiana*, 2:20CV425-TLS/JPK.

Each of these cases has been dismissed as frivolous under §1915(e)(2)(B)(ii).  Judge

Springmann's opinion dismissing the most recent of Gentry's cases reviews the

disposition of each of the cases.  *See Gentry v. State of Indiana*, 2:20CV425-TLS/JPK, ECF

No. 3 at 2-4.

In the September 10, 2020 Opinion and Order dismissing the third lawsuit,

Gentry was cautioned that if he filed another frivolous lawsuit based on these same

allegations, he risked being fined, sanctioned or restricted in his filings with the court.

*Gentry v. Hammond Police Department*, 2:19CV500-TLS-JPK, ECF No. 3 at 3.  In her

opinion dismissing the fourth lawsuit, Judge Springmann made good on that warning

by fining Gentry $500 and prohibiting him from civil filings until he paid the fine and

any other outstanding fees or sanctions.  *Gentry v. State of Indiana*, 2:20CV425-TLS/JPK,

ECF No. 3 at 5.  Gentry has never appealed any of the four previous dismissals.

On March 3, 2021, Gentry paid the $500 fine.  *Id.*, ECF No. 6.  On that same date,

he filed his complaint in this new action, based on the same underlying allegations

against the Hammond Police Department and Lake County Sheriff's Department.  The

assertion that officials sworn to uphold the law and protect the public would engage in

the sexual abuse of children is a serious and troubling allegation.  But the court has previously explained that Gentry cannot bring an action under 42 U.S.C. §1983 unless he demonstrates that a person acting under the color of state law deprived him (not his nieces) of a right, privilege or immunity that is secured by federal law or the United States Constitution.  *Gentry v. Hammond Police Department and Lake County Sheriff*, 2:19CV400-JTM/JEM, ECF No. 3 at 3.  It has also been explained to Gentry that the State of Indiana has Eleventh Amendment immunity from his claims for damages.  *Gentry v. State of Indiana*, 2:20CV425-TLS/JPK, ECF No. 3 at 2.  The doctrine of res judicata, barring the same claims being brought against the same defendant after a final judgment on the merits, has also been explained to Gentry multiple times.  2:19CV482-PPS/JEM, ECF No. 3 at 2; 2:19CV500-TLS/JPK, ECF No. 3 at 2-3; 2:20CV425-TLS/JPK, ECF No. 3 at 4.  All of these legal doctrines defeat Gentry's fifth attempt to bring suit concerning the alleged rape of his nieces.

Even more fundamental than all these applicable legal doctrines is the fact that Gentry's allegations are largely unintelligible.   I simply cannot sensibly interpret his allegations about his breaking and photographing a television on the curb, for example, or about authorities moving their cars around or turning on the turn signal in Gentry's car to "abuse" him, or tampering with Gentry's "daily meals and snacks."  [DE 1 at 5, 6, 9.]  These are merely a few of the cryptic allegations that Gentry makes with no clear connection to a discernible story of actionable conduct on the part of any particular potential defendant.  Gentry's complaint does not provide fair notice of what his claim

is and the grounds upon which it rests, and does not raise the possibility of relief above the speculative level.  For these reasons, the complaint is subject to dismissal for failure to state a claim upon which relief could be granted.  *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007); *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013).

Gentry refers repeatedly to his mental illness [DE 1 at 6, 7, 9] and also suggests that he is, or has been, homeless [*id*. at 9].  These significant challenges in his life are certainly regrettable, and I do not doubt Gentry's description of his anger and grief over the incidents he refers to in his complaint. [*Id*. at 5, 8, 9.]  But Brandon Gentry has been unable to file a coherent complaint that states a claim upon which relief can be granted, and he abuses the legal process by repeatedly filing complaints that fail to meet applicable standards that have been explained to him.  A fifth dismissal is required, and sanctions are again appropriate.

Because Gentry has previously been cautioned not to repeatedly bring suit on these allegations in this manner, and thereafter sanctioned for his failure to heed the warning, he will again be sanctioned in the larger amount of $1,000, and again restricted from filing in this Court until he has paid in full all outstanding filing fees and sanctions imposed by any federal court.  The restriction does not preclude Gentry from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but...[it does] not let him file any paper in any other suit...until he pays the money he owes."  *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).  However, "because this court disapproves of perpetual orders,

4

[Gentry] may seek modification or rescission of this order, but not before two years have passed." *Montgomery v. Davis*, 362 F.3d 956, 958 (7th Cir. 2004) (citation omitted).

**ACCORDINGLY:**

Brandon Gentry's Motion to Proceed In Forma Pauperis [DE 2] is DENIED, and the case is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Brandon Gentry is FINED $1,000, and the Clerk of Court is DIRECTED to return, unfiled, any papers submitted in any case by or on behalf of Brandon Gentry – unless in connection with an appeal, a criminal case, or a habeas corpus proceeding – until Gentry has paid in full all outstanding fees and sanctions in all civil actions in any federal court.  The Clerk is also DIRECTED to note on the docket of this case any attempted filings in violation of this order.

SO ORDERED.

ENTERED: March 10, 2021.

_____/s/ Philip P. Simon_____
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT